STATE v. BOARD OF COMMISSIONERS OF BOROUGH COMMISSION OF ATLANTIC HIGHLANDS.

When an information, in the nature of a *quo warranto* is issued by the attorney-general, drawing in question the legality of the organization of a municipal corporation, such *de facto* corporation is the proper defendant in the procedure.

On demurrer to information in nature of a *quo warranto*.

Argued at February Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For demurrant, *William Pintard* and *John E. Foster.*

*Contra, Applegate & Hope.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   An information, in the nature of a *quo warranto,* was filed by the attorney-general, against the Board of Commissioners of Borough Commission of Atlantic Highlands, for the purpose of testing the right of such body to exercise the franchises of a municipal corporation.   The information shows that certain persons took steps to erect a portion of the village of Atlantic Highlands into a corporate borough, by force of the act of the legislature, approved March 7th, 1882.   This statement is followed by a specification of the errors committed in this formative procedure, whereby it is claimed that it became abortive and void.

The principle ground relied upon to support the demurrer was that the writ has not gone against the proper party, it being insisted that the alleged usurping corporation could not be made a party, as, if the information set forth the truth, there was, and is, no such corporate body.

But this exception is hypercritical.   The information shows a *de facto* corporation, and it is not perceived how its right to exist and use the powers it is exercising can, otherwise than has been done in this case, be put to the test.   The writ could not go against any of the municipal officers, on the ground that they have not been duly elected, or on any other account have no right to their positions, because it has been decided already by the courts that in such a proceeding the right of the municipality to exist as a corporate body cannot be thus collaterally called in question.   The corporation, as at present organized, is the organ by which the community, by common consent, is represented, and it is the community that is con-

cerned in this procedure, and not any particular official, or other class of citizens. As the body of the people cannot be made parties as individuals, it would seem a necessity to treat the *de facto* ruling body, established by themselves, as their legal representative. The cases, with respect to informations against municipalities, do not appear to settle definitely the course to be pursued, but we think the method adopted in the present instance, as far as regards the question as to parties to the procedure, is the proper one. This was the course pursued in the case of the *State* v. *Village of Bradford,* 32 *Vt.* 50, in which case the corporate body was one of the defendants, and a judgment was rendered dissolving such *de facto* corporation. *High on Ex. Rem.,* § 684.

Let the demurrer be overruled.

The other points argued have been examined, but we think none of them has any weight.