STATE OF MINNESOTA *ex rel.* JOHN WETZEL *et al. vs.* HARMON G. TRACY *et al.*

| 48 | 497 |
| 66 | 529 |
| 48 | 497 |
| 69 | 112 |

Argued Jan. 18, 1892. Decided March 7, 1892.

Quo Warranto from Supreme Court—Practice.—Proceedings upon an information in the nature of *quo warranto*, under 1878 G. S. ch. 63, are governed by the rules of the common law.

Same—To Whom may Issue.—The information will lie directly against a *de facto* or pretended municipal corporation for the usurpation of corporate franchises, or to oust it from the enjoyment of the privileges thereof.

Same—To De Facto Municipal Corporation.—The question goes directly to the right of such corporation to exercise the corporate franchise, and its lawful existence is not admitted by naming the corporation as respondent, and bringing the proceeding directly against it.

Information—Who may File.—Where the object is to test the right of a corporation to exercise such franchise, the information must be filed and prosecuted by the attorney general in behalf of the state.

Same—Who may not.—The writ will not lie on the relation and at the instance of private parties. It is not enough that it be prosecuted with the formal approval of the attorney general.

v.48m.—32

. John Wetzel and Michael Ryan presented to this court on October 15, 1891, their information, duly verified, stating that thirty persons, claiming to be residents and legal voters, filed a petition June 1, 1891, with the board of county commissioners of Hennepin county, asking that certain territory in that county be incorporated under the name of Village of Minneapolis Park, pursuant to Laws 1885, ch. 145, as amended; that the proceedings had thereon were irregular in numerous particulars, and the attempted incorporation invalid; that respondent Harmon G. Tracy had usurped the office of president, and the other respondents that of trustees, of the supposed village, and that they were acting as such officers, when in fact no legal incorporation had been effected. The relators prayed that these village officers be required to show before this court by what authority they exercised the rights and duties of those offices, and why the supposed incorporation should not be annulled. An order was made on this information that a writ of *quo warranto* issue as prayed, returnable November 16, 1891, and that it be served twenty days before the return day. The writ issued, and was served, and the respondents made return to it, denying the irregularities, and stating facts showing due incorporation of the village. Relators replied, and Robert Jamieson, Esq., was appointed referee, and took the evidence offered by the parties, and on January 4, 1892, reported it to this court.

*Selover & Gould,* for relators.

This proceeding is brought by the attorney general on the relation of private parties, as will appear by an inspection of his indorsement of his approval on the original information in the case. 1878 G. S. ch. 79, clearly gives the right to bring this action in this way.

The corporation is properly made a respondent in this action. *State* v. *Independent School Dist.,* 42 Minn. 357; *State* v. *Gallagher,* 42 Minn. 449.

*Johnson & Rinehart, Albert E. Clark,* and *Wilbur F. Booth,* for respondents.

The relators fail to show any right to prosecute or maintain this action. 1878 G. S. ch. 63, § 1, confers authority upon this court to grant the writ, but makes no change in the procedure. This section

is intended to authorize proceeding solely in the public interest, as distinguished from private interests. Those may be fully protected by proceeding under chapter seventy-nine, (79.) The attorney general is the legal representative of the public and of the state. This action is brought by private citizens represented entirely by private counsel. The attorney general is the proper representative of the people in proceedings in this court when the state is a party, and the court will not recognize any other attorney to represent the people in suits before it. *Babcock* v. *Hanselman,* 56 Mich. 27; *State* v. *Williams,* 25 Minn. 340; *State* v. *Vickers,* 51 N. J. Law, 180; *Barnum* v. *Gilman,* 27 Minn. 466.

The relators, by making the corporation a defendant under its corporate name, have estopped themselves to deny its corporate existence. *State* v. *Parker,* 25 Minn. 215; *People* v. *City of Spring Valley,* 129 Ill. 169.

VANDERBURGH, J. This is an information in the nature of *quo warranto,* brought at the instance and upon the petition of the relators, private persons, to test the validity of the incorporation of the village of Minneapolis Park. In the case of *State* v. *Parker,* 25 Minn. 218, which was an action brought by the attorney general in the district court, under 1878 G. S. ch. 79, it was held that the question whether a certain office could be lawfully exercised in a particular district might be determined in a suit of that character, directly against the party who was alleged to be usurping the functions of such office. It was not, however, questioned that such action might also have been brought directly against the *de facto* or pretended corporation or body of which such party claimed to be an officer. This is not an action under 1878 G. S. ch. 79, but the writ was allowed and issued in pursuance of 1878 G. S. ch. 63, § 1, and the proceedings must be governed by the rules of the common law. *State* v. *Sharp,* 27 Minn. 39, (6 N. W. Rep. 408.) The term "*quo warranto,*" used in that section, must be deemed to refer to "an information in the nature of *quo warranto*" as existing at the common law. *State* v. *West Wisconsin Ry. Co.,* 34 Wis. 197, 208, 213. Such proceeding may be brought against individuals for intrusion into public offices, and against private and public corporations for usurpation of franchises, or to oust

them from the enjoyment thereof. There is no sound reason for the rule suggested on the argument, which would warrant the court in holding, in a case like this, that, by proceeding against the *de facto* or unauthorized corporation by name, the legal existence of the corporation is admitted. The question goes directly to the right of the corporation to exercise the corporate franchise, and the state may proceed directly against it. *State* v. *Bradford,* 32 Vt. 53; *People* v. *Clark,* 70 N. Y. 518; *State* v. *Atlantic Highlands,* 50 N. J. Law, 457, (14 Atl. Rep. 560;) 1 Dill. Mun. Corp. 265; 2 Dill. Mun. Corp. 1080.

The objection is urged by the respondents here that the proceeding to test the corporate franchise must be prosecuted by the Attorney General in behalf of the state, and that it cannot be sustained upon the relation of a private person only; and this will be found to be the rule at the common law, and generally recognized by the courts. Municipal, as well as private, corporations can only exist by the authority of the state. They derive their franchises from the state, and it is therefore the peculiar province of the state to inquire into the misuser or usurpation of such franchises. Assuming the existence of a corporation, a private citizen, if he has sufficient interest to support the application, may, by this proceeding, be allowed to contest the right of an alleged intruder to an office of such corporation. But where the object is to test the right of a corporation to exercise the corporate franchise, a privilege derived from the sovereign, the information must be filed by the Attorney General on behalf of the state. The proceeding is necessarily one of a public nature, and must be prosecuted by and in behalf of the public. In such cases it is not instituted for the redress of private grievances or the enforcement of private rights. Heard's Shortt, Extr. Rem. pp. 717, 719; *State* v. *Vickers,* 51 N. J. Law, 180, (17 Atl. Rep. 153;) *State* v. *Paterson & H. Turnpike Co.,* 21 N. J. Law, 12; *Murphy* v. *Farmers' Bank,* 20 Pa. St. 415; *Reg.* v. *Staples,* 9 Best. & S. 928, note; *People* v. *Grand River Bridge Co.,* 13 Colo. 11, (21 Pac. Rep. 898;) *Commonwealth* v. *Union Fire & Marine Ins. Co.,* 5 Mass. 230.

The relators show that their lands included within the corporate limits are comparatively remote from the village settlement; too distant, they claim, to be lawfully included in the village; and they con-

tend that they are especially aggrieved. But their interest is common to all the inhabitants. The incorporation, if invalid, is so as respects all the lands included, and the court cannot modify or change the limits or act of incorporation. The sole question in the case is whether the village is lawfully constituted, and to test this the writ must be sued out and on behalf of the public, and the prosecution be conducted on its behalf by the Attorney General. It is true that the application is indorsed with his approval, but that is mere matter of form. He does not appear. · It is not his application, and it was not presented or prosecuted by him or on behalf of the state. This does not satisfy the requirement of the law, in such a case. *People* v. *North Chicago R. Co.*, 88 Ill. 537. If similar cases have heretofore at any time been brought and heard without objection, it is because the question here presented and considered was not raised. The respondents were entitled to raise it on the hearing.

Writ discharged.

(Opinion published 51 N. W. Rep. 613.)