STATE OF NEW JERSEY, EX REL. RUSSELL W. MOORE.
v. JOHN SEYMOUR.

Argued February Term, 1903—Decided June 8, 1903.

Where in an application for leave to file an information in the nature
of a writ of *quo warranto* directed to a defendant elected to an
office under an unconstitutional act, and in the proceedings
relator proposed to attack not only the title of defendant to
the office, but the legal existence of the office itself—*Held*, that
whether the office which defendant is claiming to hold had a legal
existence can only be determined by the attorney-general acting
in his public capacity.

Application for leave to file information.

Before Justices VAN SYCKEL and GARRETSON.

For the relator, *Benjamin F. Jones.*

For the defendant, *Arthur B. Seymour.*

PER CURIAM.

This is an application for leave to file an information in the
nature of a writ of *quo warranto* directed to John Seymour,
directing him to show by what authority he claims to have
and enjoy the office of a member of the common council of
the city of Orange, and of president of said common council.

The act under which Seymour was elected was declared
unconstitutional in *Christie* v. *Bayonne*, 35 *Vroom* 191. In
this proceeding the relator proposes to attack not only the title
of Seymour to the office, but also the legal existence of the
office itself.

In the case of Holloway *v.* Dickinson et al., the opinion of
Mr. Justice Pitney, in the Supreme Court at the last February
Term (*ante p.* 72), holds that members of a *de facto* board
of education, organized under the General School law
(*Pamph. L.* 1902, *p.* 69) cannot be ousted at the instance of

a private relator in *quo warranto,* on the ground that such board of education has no legal corporate existence.

Whether the office which Seymour is claiming to hold has a legal existence can be determined only at the instance of the attorney-general, acting in his public capacity as the representative of the people of the state.

The application, therefore, of Russell W. Moore for leave to file an information is denied, with costs.