STATE OF IOWA ex rel. Independent School District of Olin et al., Appellants, v. N. C. HALL et al., Appellees.

**QUO WARRANTO: Parties Plaintiff—Improper Joinder.** Joining a non-citizen of the state, i. e., a school corporation, as relator in quo warranto proceedings does not nullify the right of other specifically authorized relators to maintain the proceedings.

**SCHOOLS AND SCHOOL DISTRICTS: Consolidated Districts—Erroneous Recital in Petition.** A petition for the organization of a consolidated independent school district is not nullified by an erroneous recital therein as to the section of the statute under which the proceedings are instituted.

**SCHOOLS AND SCHOOL DISTRICTS: Consolidated Districts—Reducing District Below Four Sections and Failing to Follow District**

**Lines.** The statutory requirement that, in the formation of a consolidated independent school district, no district (other than subdistricts) shall be left with less than four government sections of land, contiguous, and so situated as to form a suitable school corporation, is mandatory; also the requirement that boundary lines shall conform to those of school corporations and subdistricts, unless otherwise ordered by the county board of education. (Sec. 2794-a, Code Suppl. Supp., 1915; Ch. 149, Acts 37 G. A.)

**APPEAL AND ERROR:** Estoppel—Acquiescence in Decision. Motion 4 to dismiss appeal, on the ground that appellant had acquiesced in the adverse judgment, reviewed, and held insufficient, in view of the order for reversal and retrial.

*Appeal from Jones District Court.*—F. F. DAWLEY, Judge.

FEBRUARY 17, 1921.

ACTION in quo warranto. The petition alleges that defendants are assuming to act as school officers of a consolidated school district, and that the organization of it is illegal and void. The court sustained defendants' demurrer to the petition, and plaintiffs appeal.—*Reversed and remanded.*

*Clifford B. Paul,* for appellants.

*Geo. C. Gorman* and *C. J. Lynch,* for appellees.

PRESTON, J.—The petition alleges that, during the months of July and August, 1919, proceedings were had, purporting to be under Section 2794-a, Code Supplement, 1915, as amended, looking toward the organization of certain territory into a consolidated district, to be known as the Consolidated Independent School District of Olin. The territory described in the petition is 24 sections in Township 83, Range 3; also Sections 31, 30, and a part of 29 and 32, and that portion of 8 and 18 lying south of the Wapsipinicon River, and a part of Section 6 in Township 83, Range 2; Section 36; a part of 25; all of 32, 33, and 34 lying south of said river; a part of 26 and 24; and all of Section 35, except certain parts of the last named in Township 84, Range 3; a part of 31, 19, and 30, in Township 84, Range 2. The petition also alleges that the territory so attempted to be organized was

supposed to embrace all the territory of the following school organizations: Rural Independent of Brushwood, in Jackson Township; Rural Independent of Pleasant Valley, in Jackson and Madison Townships; Subdistricts 2, 3, 7, 8, and 9, of the School Township of Rome; Subdistricts 4 and 9 of School Township of Hale; and the Independent District of Olin. Also, that the boundaries of said proposed district were to follow the established district and subdistrict lines, as required by law, and to leave in no corporation from which territory was taken less than four government sections, which were to be contiguous, and in suitable shape to form a corporation; that said attempted district is illegal and void, for that the subdistrict and the established corporate lines were not followed, and territory was taken from corporations which left said corporations with less than four government sections of land, which land so left was not contiguous, and not in suitable shape to form a corporation; that said proposed district was supposed to include, also, the N½ of the NW¼ of 9-83-2, which was and is a part of Subdistrict No. 3, of the School Township of Hale, and that this was wrongfully included, as no part of said subdistrict was taken, and the boundary lines of said last-named 80 acres are not the boundary lines of the subdistrict; that the W½ of 33 and the SW¼ of 28 were erroneously included, as it had been set over to Subdistrict No. 6 of Rome, and no other territory in said 6 was taken, and by so doing the boundary lines of said district projected over into and took a part of said subdistrict; that all of Rural Independent District of Pleasant Valley was taken, except the N½ of the SE¼ of 24-84-3, and the N½ of the NW¼ of 25, and the NW¼ of SE¼ of 26 of said township, which reduced the territory of said district to less than four sections of land, not contiguous, and not following the corporation lines; that there was excluded from Section 35-84-3 the NE¼ of NW¼, and that there is no such government description as that given in the exclusion, the proper description being Lot 1, containing 64.40 acres, according to the original survey; that, in Section 34-84-3, all the territory was taken south of the river, which river at this point runs through 27, the section above 34; that south of the river in said 27 are Government Lots 5 and 6, and other lands which are a part of the Rural

Independent District of Brushwood, and that, in this respect, the proposed district did not follow the corporate lines, nor take all the territory of Brushwood, and the remaining part contains less than four government sections; that the west 2/5 of the SW¼ of SW¼ of Section 19-83-2 was illegally included, because this description has on it the dwelling house and buildings of one Peck, and the description belongs to Independent Rural School District of Madison village, and is the only territory taken from that district in the proposed consolidation, and because, several years ago, Madison village attempted to set this over to Pleasant Valley, but such attempt was illegal, for that the law did not then admit of transfer of territory between rural independent districts not in the same township in less than 40-acre tracts, by action of the board of directors; that, as nearly as can be ascertained, the SE¼ of the NE¼ of 29-83-2, and the E½ of NW¼ of 32 were erroneously included in the proposed district, on the theory that said descriptions were a part of Subdistrict 9 of Rome, whereas they belonged to the adjoining subdistrict. It is further alleged that the proceedings were instituted by the filing of a petition with the county superintendent of Jones County, a copy of which is attached. The petition states that it is presented under Section 2794 of the Supplemental Supplement to the Code, 1915, as amended by the thirty-seventh and thirty-eighth general assemblies. It is addressed to the county superintendent of Jones County, and recites that they are qualified voters of the townships named, and reside upon the territory proposed to be consolidated; and that there are not less than 16 sections of land, and they contain more than one third of the electors residing thereon. It describes the territory as before set out; asks that said territory be organized into one consolidated independent district, after the boundary lines of the proposed district are fixed and determined under Section 2794 of the Supplemental Supplement to the Code, 1915, as amended, and that the question of such organization be submitted to the voters, as provided by law. Then follow the names of more than one third of the electors.

The county superintendent caused a notice of hearing to be duly published. It is alleged that no objections were filed with the county superintendent, and that the county superintendent

approved said territory as described in the petition and notice, and that no appeal was ever taken from the county superintendent to the board of education, and said board of education never took any action in regard to the boundaries of the proposed district. It is further alleged that the petition so filed, calls for action under Section 2794 of the Supplemental Supplement to the Code, 1915, which action provides for the organization of an independent school district by filing a petition with the board of the corporation, etc., and that the petition in this case was not under Section 2794-a, and therefore the county superintendent had no jurisdiction to proceed with the organization. Attached to the petition is the application of relators other than the Independent School District of Olin, asking permission of the court to bring this action, because the county attorney has refused. On August 22, 1919, the court made an order authorizing the persons making the application to institute the proceedings, etc. The petition herein further alleges that, after the attempted organization, an election of school officers was held in the so-called consolidated district, and the defendants were elected directors, with the exception of E. R. Easterly, who claims to be treasurer. Wherefore, plaintiffs pray that defendants, and each of them, be required to show by what warranty or authority they hold said offices, and that judgment be rendered that they be excluded from the exercise of the offices they have assumed, and that they pay the costs of this action.

The grounds of the demurrer are:

1. That the facts stated do not entitle plaintiff to the relief asked, nor to any relief, in that no facts are stated which invalidate the formation of the consolidated district.

2. The petition shows that the district was organized under and in accordance with Chapter 149, Acts of the Thirty-eighth General Assembly, and that the only irregularities alleged in the formation of the district are with respect to the location of the boundary lines, and no claim is made that there was any failure of the county superintendent to give notice, and, under the statute, the decision of the superintendent, on appeal, becomes final as to the boundaries, and any mere errors or irregularities do not invalidate the boundaries.

3. That said petition only challenges the right of these

defendants to hold the offices to which they were regularly and legally elected, by claim that the consolidated district was not a legal corporation, and said petition alleges no facts which render invalid or make void the organization of the district.

4. That relators and all other persons affected by the formation of the district had the right to file with the county superintendent objections to the boundary lines as fixed in the petition filed with the superintendent, and had the right to appeal from the action of the superintendent to the county board of education, and that such procedure is made the exclusive remedy, and the decision made by the superintendent, or by the board on appeal, is expressly made final as to boundaries, so that the matters set up in the petition as grounds for invalidating the formation of the district are not available to relators, and do not affect the legality of the formation of the district.

5. Relators are all residents of the former Independent School District of Olin, and none of them reside in the territory alleged to be erroneously included or excluded, and the districts alleged to be affected by the irregularities are not complaining.

6. That the matters alleged would not affect the organization of the consolidated district, but could only be raised by the district from which territory was taken, when the consolidated district proceeded to exercise control over such territory.

7. Upon the entire showing, there is no sufficient ground upon which a judgment finding that the consolidated district is not a legal corporation could be entered.

The errors relied upon relate to the supposed findings of the court on each of the grounds of the demurrer, and, among other things, that the court erred in finding that the county superintendent had jurisdiction to establish a district, and to determine boundaries of said district which are in direct conflict with the mandatory provisions of the statute.

1. Appellee makes the point that the Independent School District of Olin, named as one of the relators, is not a citizen of the state, under Section 4316 of the Code, and has no standing as relator herein (citing *Waddell v. Board of Directors*, 190 Iowa 400). The point was not raised in the demurrer, but is now made for the first time. Furthermore, in the application for authority to

1. Quo warranto: parties plaintiff: improper joinder.

bring the suit, such district was not named as one of those making the application, and the order of the court authorizing the suit does not refer to it, but states that the persons named in the application are authorized, etc. The other persons named as relators were authorized to bring the suit as relators and parties plaintiff. They have an interest in the controversy, and, having been authorized to bring the action, they at least are relators and plaintiffs, whether the school district is or not. The order authorizing relators other than the Independent District of Olin determines that such relators have an interest in the controversy. *State v. City of Des Moines,* 96 Iowa 521.

2. We think there is no merit in appellants' contention that the proceedings were instituted and the petition filed before the superintendent under Section 2794, Supplemental Sup-

2. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: erroneous recital in petition.

plement to the Code, rather than under Section 2794-a, and that, therefore, the superintendent had no jurisdiction. Section 2794 has reference to the formation of an independent district. Section 2794-a has reference to consolidated independent districts. The petition filed with the superintendent recites that it is under Section 2794 of the Supplemental Supplement to the Code, 1915, as amended by the thirty-seventh and thirty-eighth general assemblies, and the petition in this case recites that the proceedings purported to be under Section 2794-a; and appellants' main argument is on the theory that it was under the last-named section, except that, in one part of the argument, it briefly refers to the matter, to make the point that it is under Section 2794.

3. The petition is somewhat confusing and indefinite as to the lines of other districts, or some of them at least. It is alleged therein that the proposed district was supposed to take in certain

3. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: reducing district below four sections and failing to follow district lines.

territory, and that, as nearly as can be ascertained, certain of the territory was erroneously included in the proposed district on the theory that such was a part of another district; and in this action the legality of the establishment of some of the other districts by consolidations or additions years ago is challenged, in order that they may make the claim herein that the boundary lines of such other

districts were not followed, and that, too, when neither such other districts nor their officers are parties to this action. In the writer's view, because of the serious consequences which may follow and the chaotic condition in which school districts may be left, the organization of school or other corporations ought not to be held invalid in quo warranto proceedings except upon the most substantial grounds and for meritorious reasons, and it should be done, if at all, promptly, before schoolhouses are built, bonds issued, taxes levied, and so on. Interested parties ought not to be permitted to stand by and see the organization completed, elections held, and the other matters referred to, done. Such seems to be the law. *Nelson v. Consolidated Ind. Sch. Dist.*, 181 Iowa 424, 432; *State v. Board of Directors*, 148 Iowa 487, 492. We suppose it is generally known that frequently the records of the boundaries of rural districts are in such condition that no one can certainly say where the true lines may be, and the allegation of the petition before referred to shows that such is the situation in this case. We have referred, in other cases, to the fact that, in rural communities, the people and officers are not lawyers, and cannot be expected to observe each and every successive step with technical nicety; and that, if such perfection of proceedings is to be demanded of them, few, if any, organizations of school districts could successfully withstand attacks at the hands of discordant and contentious minorities; and that courts very properly bear this situation in mind, and go to the limit of liberality in giving effect to the voice of a majority, wherever it can reasonably be done without violence to the manifest spirit and intent of the legislature. *State v. Rowe,* 187 Iowa 1116. Appellants' contention appears to be that petitioners for the consolidation must correctly locate all such boundaries at their peril, and that, if they err, even in a slight degree, there is no jurisdiction, and that all subsequent proceedings are void, and the establishment of the district invalid. What has just been said has reference more especially to boundary lines of school corporations or subdistricts already established.

But the petition does allege, and the demurrer admits, that remaining portions of some of the school corporations other than subdistricts from which territory is taken to form such a

consolidation contain, after the change, less than four government sections, and that some of them are not contiguous, or so situated as to form a suitable corporation. This seems to be the main point argued and relied upon by appellants for a reversal. The statute under consideration, Section 2794-a, and prior statutes relating to the formation of school districts, seem to have contemplated that no school corporation should contain less than four government sections of land. The statute was originally passed by the thirty-first general assembly, and has been amended in different respects by the thirty-fourth, thirty-sixth, thirty-seventh, and thirty-eighth general assemblies, but there has always remained the provision that no corporation from which territory was taken should, after the change, contain less than four sections, which should be contiguous and in suitable shape to form a school corporation. The last enactment of the legislature, Section 2794-a, provides that no remaining portion of any school corporation from which territory is taken to form such a consolidated independent corporation shall, after the change, contain less than four government sections, which territory shall be contiguous, and so situated as to form a suitable corporation, and following that, in the same section, is a provision that:

"Where, after the formation of such consolidated school corporation, * * * there is left in any school township one or more subdistricts each of such subdistricts containing four or more government sections, each of such pieces of territory shall thereby become a rural independent school corporation."

This language also seems to contemplate that there shall be four or more sections,—that is, not less than four. It has been held in several cases prior to the last change in the statute that this does not apply to subdistricts. *School Dist. Twp. v. Independent Sch. Dist.*, 149 Iowa 480, 487; *Lacock v. Miller*, 178 Iowa 920, 925; *Wallace v. Independent Sch. Dist.*, 150 Iowa 716; *Consolidated Ind. Sch. Dist. v. Martin*, 170 Iowa 262. Whether the rule is changed by the present statute we need not determine, since the case must be reversed because it appears that there are districts other than subdistricts remaining which contain less than four sections. The cases seem to recognize that the statute does apply to school corporations other than subdistricts, and

that the provision is mandatory. We think and hold that it is, as to the four-section provision. It was directly so held by a majority of the members of the court in *State v. Consolidated Ind. Sch. Dist.*, 190 Iowa 903.

5. It was also held in the case last above cited, the writer hereof not concurring, that the provision of the statute now under consideration is mandatory, where the boundary lines do not conform to the boundary lines of the districts then established. We have already referred to the fact that there is some indefiniteness in the pleadings, in regard to the new district's not conforming to the lines of other districts; but, since the case must be reversed on the ground set out in a prior division of the opinion, and because of the holding in the case last cited that this provision, too, is mandatory, we shall not discuss this feature of the case further.

6. Appellees have filed a motion, supported by affidavit, to dismiss the appeal because of the acquiescence of relators in the judgment since it was rendered, and because of their laches and estoppel. The writer is of opinion that the mo-

4. APPEAL AND
   ERROR:
   estoppel: ac-
   quiescing in
   decision.

tion is well taken. The undisputed evidence submitted by appellees on motion to dismiss shows that, after the judgment was rendered, and before notice of appeal was served, an election was held, and defendants were elected directors; that relators actively participated in the election, and two of them were candidates for directors, but were defeated. Thereafter, and when the six months for appeal had almost elapsed, they served notice of appeal. It is reasonably safe to say that, if they had been elected, no notice of appeal would have been served. The filing of their abstract was delayed, but filed within the time allowed by the rules. No motion was made to advance the case. Legally, they were not required to serve notice of appeal sooner, or to move to advance, but failure to do so, with the other circumstances, bears upon their good faith. Furthermore, relators do not ask a dissolution of the district. It is not made a party. The only claim is that defendants, as directors, should be excluded from their offices, though relators concede, and it is shown, that defendants were regularly elected. No claim is made otherwise. The petition is drawn on the theory that defendants should be

ousted as directors, but the argument is based upon the thought that the district was not legally organized, and that it should be dissolved.   It seems to the writer that appellants ought not to be permitted to proceed with the appeal, whether it be based upon acquiescence in the judgment, laches, waiver, or estoppel. *State v. Tipton,* 109 Ind. 73 (9 N. E. 709) ; *State v. City of Des Moines,* 96 Iowa 521; *State v. District,* 85 Minn. 230 (88 N. W. 751) ; 23 Am. & Eng. Encyc. of Law (2d Ed.) 617, 618, 619; *Nelson v. Consolidated Ind. Sch. Dist.,* 181 Iowa 424, 432.

But the majority think that these matters may be important on the trial of the case on its merits, and that the showing is not sufficient to justify a dismissal.   For the reasons given, the judgment is reversed, and the case remanded.—*Reversed and remanded.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.