### STATE ex rel. McFADYEN, Co. Atty., v. HOLTZCLAW et al.

No. 20265. Opinion Filed Sept. 15, 1931.

A. J. Welch, for plaintiff in error.

Morris & Wilhite, for defendants in error.

CLARK, V. C. J. This action was instituted in the district court of Caddo county

by the state of Oklahoma ex rel. Wm. McFadyen, county attorney of Caddo county, Okla., plaintiff in error herein, against Alfalfa union graded school district No. 4, W. H. Holtzclaw, V. W. Stephens and W. D. Harris, defendants in error herein.

The plaintiff in error herein filed its original petition against the defendants in error, praying that judgment be rendered upon the right of said school district to exist as a legally existing school district, and upon the right of the said Holtzclaw, Stephens, and Harris to act as officers of said school district, and that it be adjudged that said school district has no legal existence, and no right to pretend as such, and that said pretended officers be adjudged to have no right or power to act as such officers of said school district, and that the pretended organization of said school district be declared to be illegal and void, and that said pretending officers be declared to be without any legal official authority to act as officers of said school district. And it was signed by the county attorney of Caddo county, Okla., and by A. J. Welch, of Clinton, Okla., who assisted the county attorney.

General demurrer was sustained, and plaintiff granted permission to file amended petition, which was in the form of the original petition with the exception that "Alfalfa union graded school district No. 4" was stricken as a defendant; which amended petition was signed, "W. M. McFayden, County Attorney, Caddo County, Oklahoma. Assisted by A. J. Welch, Clinton, Okla."

Special and general demurrer was filed to the amended petition, on the grounds that the amended petition is in identical words of the original petition except the words "Alfalfa union graded school district No. 4" in the title are stricken, and the words in the prayer, "School district to exist as a legally existing school district, and upon the right of the said," are stricken out; and that by making the defendant Alfalfa union graded school district a party to this action the plaintiffs have admitted its legal existence.

And that said amended petition fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants.

Which demurrer was sustained by the court. Plaintiffs excepted and refused to plead further, and the trial court pronounced judgment dismissing plaintiffs' action with prejudice. Plaintiffs in error bring the cause here for review.

We are first confronted with the question that the appeal in this cause is not prosecuted by the proper designated officer or officers as by law required.

Section 459, C. O. S. 1921, provides, in part:

"Such action may be brought in the Supreme Court or in the district court, in the following cases:

"1. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, or shall claim any franchise within this state, or any office in any corporation created by authority of this state. * * *

"3. When any association or number of persons shall act within this state as a corporation without being legally incorporated."

Section 460, C. O. S. 1921, provides, in part:

"When the action is brought by the Attorney General, or the county attorney of any county, of his own motion, or when directed to do so by competent authority, it shall be prosecuted in the name of the state. * * *"

The stipulation as to the correctness of the case-made is not signed by the county attorney of Caddo county, but is signed by one A. J. Welch, attorney for plaintiff.

The petition in error is not signed by the county attorney, but is signed by one A. J. Welch, attorney for plaintiff in error.

This action, being of a public nature, must be prosecuted by the Attorney General or county attorney, as provided by section 460, C. O. S. 1921.

In the case of State ex rel. Wetzel v. Tracy (Minn.) 51 N. W. 613, the court said in the 4th paragraph of syllabus:

"Where the object is to test the right of a corporation to exercise such franchise, the information must be filed and prosecuted by the Attorney General in behalf of the state"

—and in the body of the opinion the court said:

"It is true that the application is indorsed with his approval, but that is mere matter of form. He does not appear."

And in the case of Schur v. School District, 112 Kan. 421, 210 Pac. 1105, the Supreme Court of Kansas said:

"Now, as an action in quo warranto alone, these private plaintiffs had no standing to maintain it. The state has provided its own officials, an Attorney General and a county attorney, to challenge the validity of corporate or quasi corporate organizations in this state, like cities, counties, townships, and school districts; and ordinarily it is no

justiciable concern of private individuals that these public subdivisions and organizations of the state may have some infirmity in their organization. So, too, the exercise of official powers and the ousting of official usurpers are matters of which the state alone may complain at the suit of its authorized legal representatives. And the fact that the state's proper officers decline to act does not give authority to private individuals to institute litigation on such matters of public concern."

The county attorney, Ted Morgan, filed in this court on December 13, 1930, application to be made attorney for plaintiff in error.

Petition in error was filed in this court on April 9, 1929. This application comes too late. As this appeal was not perfected in this court by proper authority within six months from the date of the judgment, it cannot thereafter be perfected. Application is denied.

The case at bar being one of a public nature and one that must be prosecuted in the name of the state by the officers designated by law to file and prosecute the same, and the officers designated by law to prosecute the action not having prosecuted this appeal and not appearing in this court, the judgment of this court is the appeal should be and is dismissed.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. RILEY, SWINDALL, and KORNEGAY, JJ., dissent.