### In re J. H. BYNUM & CO.
### STATE ex rel. WATSON, County Atty., v. J. H. BYNUM & CO.

No. 20547.  Opinion Filed Nov. 17, 1931.

Markley & Neece, for plaintiff in error.

Wilkinson & Hudson, for defendant in error.

HEFNER, J.  In January, 1929, certain creditors of J. H. Bynum & Company, a cor-

poration, filed a written request with the county attorney of Pittsburg county requesting that he apply to the district court of that county for leave to bring an action to dissolve the corporation and annul its charter. The request recited that the corporation is insolvent and has ceased to function and has therefore forfeited its charter.

It is further stated that the corporation, in violation of section 5336, C. O. S. 1921, contracted debts, which remain unpaid, in excess of its subscribed capital stock. That the directors of the corporation upon dissolution thereof are individually liable to the creditors for such debts and that an action cannot be brought to enforce such liability against them until after dissolution of the corporation. The request is signed Markley & Neece, attorneys for creditors. Upon receipt of this request the county attorney filed the following application for leave to bring the action:

"In the Matter of the Cancellation of Charter of J. H. Bynum & Company, 11345.

"Honorable Harve L. Melton, District Judge:

"The undersigned county attorney of Pittsburg county, Okla., respectfully presents to the court the attached application and request of Berry Dry Goods Company and other creditors of the J. H. Bynum & Company, a corporation, existing under the laws of the state of Oklahoma, setting forth grounds for the cancellation of the charter and dissolution of said corporation; and prays the direction of the court thereon.
"Frank Watson,
"County Attorney."

Upon the filing of this application the corporation appeared and moved to strike it for the reason that no sufficient ground was shown for granting the same. The motion was sustained by the trial court and judgment entered denying the request. The attorneys for the creditors in the name of the state on relation of Frank Watson, county attorney, filed an appeal in this court to review the judgment.

It is their contention that the trial court abused its discretion in refusing leave to bring the action, and in support thereof rely upon sections 5336 and 5353, C. O. S. 1921. Section 5336, among other things, provides that the board of directors of a corporation shall not create debts in excess of the subscribed capital stock thereof, and further provides that upon the dissolution of the corporation the directors shall in their individual capacity be jointly and severally liable to the creditors of the corporation for

debts contracted in violation of this provision. Section 5353 provides:

"An action may be brought by any county attorney, in the name of the state, on leave granted by the district court, or the judge thereof, for the purpose of vacating the charter or the articles of incorporation, or for annulling the existence of a corporation, other than municipal, whenever such corporation shall:

"First: Offend against any of the laws creating, altering, or renewing such corporation; or, * * *

"Third: Whenever it shall have forfeited its privileges or franchises by failure to exercise its powers; * * *

"Fifth: And it shall be the duty of any county attorney, whenever he shall have reason to believe that any of these acts or omissions can be established by proof, to apply for leave, and upon leave granted, to bring the action, in every case of public interest, and also in every other case in which satisfactory security shall be given to indemnify the state against the costs and expenses to be incurred thereby."

It is contended by appellants that application for leave to bring the action clearly shows that the corporation has violated both provisions of the statute above mentioned, and that the court therefore abused its discretion in denying the application. We do not think the appeal is properly before us, because it is not prosecuted by the county attorney, and we cannot therefore determine this question. The statute provides that the action may be brought by the county attorney in the name of the state upon leave granted by the district court or judge thereof, and also provides that it shall be the duty of the county attorney to make application for leave to bring the action. It does not appear that the county attorney in fact brought the appeal, and he does not appear to prosecute it. His name is not signed to the petition in error. The case-made was not served by him. Nor is the stipulation as to the correctness of the case-made signed by him. All these proceedings were had in the name of Markley & Neece, attorneys for petitioners, who are attorneys for the creditors seeking dissolution of the corporation. The creditors of the corporation have no authority under the statute to make the application nor to prosecute an appeal from the judgment denying the application.

In the case of State of Oklahoma ex rel. W. L. McFayden, County Attorney, v. Holtzclaw, 151 Okla. 163, 2 P. (2d) 1022, this court announced the following rule:

"An action in the nature of quo warranto

under sections 459 and 460, C. O. S. 1921, to challenge the validity of a corporate school district and the ousting of official usurpers, must be brought and prosecuted in the name of the state by its legal representatives, and where the legal representatives do not appeal from the action of the trial court, and do not appear in the Supreme Court in the prosecution of the appeal; held, the appeal should be dismissed as having not been prosecuted by the legal representatives designated by law."

In the discussion of the case, the court said:

"We are first confronted with the question that the appeal in this cause is not prosecuted by the proper designated officer or officers as by law required. * * *

"Sec. 460, C. O. S. 1921, provides in part:

" 'When the action is brought by the Attorney General or the county attorney of any county, of his own motion, or when directed to do so by competent authority, it shall be prosecuted in the name of the state. * * *'

"The stipulation as to the correctness of the case-made is not signed by the county attorney of Caddo county, but is signed by one A. J. Welch, attorney for plaintiff.

"The petition in error is not signed by the county attorney, but is signed by one A. J. Welch, attorney for plaintiff in error.

"This action being of a public nature must be prosecuted by the Attorney General or county attorney as provided by section 460, C. O. S. 1921.

"In the case of State ex rel. Wetzel et al. v. Tracy (Minn.) 51 N. W. 613, the court said in the fourth paragraph of the syllabus:

" 'Where the object is to test the right of a corporation to exercise such franchise, the information must be filed and prosecuted by the Attorney General in behalf of the state,' and in the body of the opinion the court said:

" 'It is true that the application is indorsed with his approval, but that is mere matter of form. He does not appear'."

While the appeal is filed in this court in the name of the state on the relation of Frank Watson, county attorney, it is not in fact prosecuted by him. The county attorney is the official designated by statute to make application for leave to maintain the action. He does not appear in this court to prosecute the proceedings.

The appeal is therefore dismissed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.