REDDEN H. EVERETT *vs.* EDSON R. SMITH.

July 10, 1875.

Removal of County Seats—Majority of Electors.—*Taylor* v. *Taylor,* 10 Minn. 107, and *Bayard* v. *Klinge,* 16 Minn. 249, followed as to the point that the words "a majority of such electors," in the constitutional ·provision relating to the removal of county seats, (art. 11, § 1,) mean a majority of the electors voting at the election.

Pursuant to an act of the legislature, the question of the removal of the county seat of Le Sueur county from the town of Le Sueur to the village of Cleveland was submitted to the vote of the electors of the county, at the general election held November 3, 1874. The county board of canvassers having canvassed the vote, and declared the result to be

against the removal, the plaintiff filed a notice of contest, (which was allowed to stand as a complaint,) alleging, among other things, that the whole number of votes cast at the election in the county was 2,490 ; the number of votes cast in favor of the removal, 1,289, and the number against removal, 1,170.

The county commissioners having failed to appear and defend the contest, the defendant obtained leave of the court to appear and defend, and filed an answer averring that the number of legally registered electors in the county was 2,782, and that on the day of the election there were over 300 legal voters in the county who were not registered and did not vote, and admitting that the whole number of votes polled at the election was 2,499, and that the vote upon the removal was 1,289 for, and 1,170 against. A demurrer to this answer was overruled by the district court for Le Sueur county, *Chatfield*, J., presiding, and plaintiff appealed.

*M. J. Severance*, *L. M. Brown*, and *Horace Austin*, for appellant.

*Gilman*, *Clough & Lane*, for respondent.

BERRY, J.   Section 1, art. 11, of the constitution of this state declares that "all laws   *   *   *   for removing county seats shall, before taking effect, be submitted to the electors of the county or counties to be affected thereby, at the next general election after the passage thereof, and be adopted by a majority of such electors."   The only question in this case is, what is meant by the words, " a majority of such electors?"

In *Taylor* v. *Taylor*, 10 Minn. 107, the same question was presented, and deliberately considered by this court, by which it was distinctly determined that the words, " a majority of such electors," as used *in the provision of the constitution*, mean a majority of the electors voting at the election.   This was a construction *of the language of the constitution*, irrespective of the particular facts appearing in the

case as to registry lists.   The case of *Taylor* v. *Taylor* was
followed, and the same construction given to this constitu-
tional provision, in *Bayard* v. *Klinge*, 16 Minn. 249.   So
far as the question under consideration is concerned, the
case at bar cannot be distinguished from the cases cited.
The question must be regarded as settled in this court.   If
there are constitutional provisions as to which a court would
refuse to be bound by previous constructions, conflicting
with its own views of correct construction, the provision
involved in this case is not one of them.

Order reversed.