## STATE EX REL. R. C. CHRISTIANSON v. WILLIAM INGELBRETSON.[1]

November 5, 1937.

No. 31,369.

[1]Reported in 275 N. W. 686.

*Gale P. Hilyer, C. E. Jennings,* and *Charles M. Bank,* for appellant (relator below).

*Leonard, Street & Deinard* and *Hyman Edelman,* for respondent.

HILTON, JUSTICE.

This is an appeal from an order of the district court of Hennepin county denying a petition for leave to file an information in the nature of *quo warranto,* and is a companion case to State ex rel. Christianson v. Johnson, 201 Minn. 219, 275 N. W. 684.

Respondent has been a member of the village council of the village of Golden Valley for some years. From 1933 to 1935 he served as village recorder. He was elected to the office of village trustee January 1, 1935, for a 'three-year term. In November, 1936, one Fred Bies, then recorder of the village, resigned, leaving a vacancy in the office. His term was to expire on the last day of the following month, and a regular election for village recorder was to take place in a few weeks. A special meeting of the council was called for the purpose of appointing a recorder to act for the few remaining weeks of the unexpired portion of the term. This meeting resulted in the appointment of the respondent to perform the duties of the recorder until the new recorder was elected and qualified. He proceeded to fulfill these duties for the remainder of the term.

Petitioner, by these proceedings, seeks to oust him as a trustee of the village on the ground that by acting as recorder and performing the duties of that office respondent vacated or forfeited his office as trustee, and now holds it without right. The court below denied the petition and dismissed the proceedings, and this appeal was taken.

This case is governed by the same considerations which controlled in our decision in the companion case. The court below found that

respondent agreed to perform the duties of the recorder as a convenience and courtesy to the council, since there were only a few weeks remaining before the election to select a new recorder. The court also found that at the time of his appointment respondent accepted it only on the understanding that he did not have to vacate his office as trustee. It appears that respondent did not take the oath of office of recorder, file bond, or accept compensation for performing the duties involved. He was experienced with the office and its duties, having served as recorder for a two-year term before his election as a trustee. It would take considerable time and effort to teach a new man the duties of the office. Respondent assumed and performed the duties of recorder, but made it clear that by so doing he did not intend to resign as trustee and take over the office of recorder. He appears to be capable and honest and fit for the office he holds, and petitioner has no interest in these proceedings different from that of the general public. The court found that it would not be in the interests of the public to grant the petition. The consent of the attorney general is lacking. What was said in the companion case disposes of this one. The record sustains the conclusions of the trial judge, and no abuse of discretion on his part in refusing the petition is revealed.

Affirmed.

PETERSON, JUSTICE (concurring specially).

I concur in the result for the reasons stated in my concurring opinion in State ex rel. Christianson v. Johnson, 201 Minn. 219, 275 N. W. 684.