STATE EX REL. R. C. CHRISTIANSON v. LESTER F. JOHNSON.[1]

November 5, 1937.

No. 31,368.

[1]Reported in 275 N. W. 684.

220

*Gale P. Hilyer, C. E. Jennings,* and *Charles M. Bank,* for appellant (relator below).

*Leonard, Street & Deinard* and *Hyman Edelman,* for respondent.

HILTON, JUSTICE.

This is an appeal from an order of the district court of Hennepin county denying a petition for leave to file an information in the nature of *quo warranto.*

The facts may be summarized as follows: At the December, 1936, election for the office of recorder in the village of Golden Valley, petitioner, respondent, and a third party were candidates for the office. Respondent was declared elected by the canvassing board, but in an election contest proceeding brought by the petitioner in the Hennepin county district court a recount was had, and the court found therefrom that there was a tie vote and hence a vacancy existed in the office of recorder. The court accordingly remanded the matter to the village council with instructions to fill the vacancy by appointment under the provisions of L. 1929, c. 413, § 2, 3 Mason Minn. St. 1936 Supp. § 1152-10, which authorizes the council to fill vacancies by appointment. At a meeting January 19, 1937, the council appointed the respondent as recorder, and petitioner began these proceedings to oust him from that office.

Petitioner claims, first, that the council proceedings resulting in the appointment of the respondent were irregular and illegal; second, that because respondent is a member of the school board he is disqualified from holding the office of recorder on the ground that the duties of the two offices are incompatible; and, third, that no vacancy existed in the office of recorder which the council had

authority to fill by appointment. The court below denied the petition and dismissed the proceedings, and this appeal was taken.

The record indicates that the attorney general refused to institute these proceedings or consent thereto. The case would be exceptional and one in which it clearly appears that public interests require it to justify the court in overruling his judgment. State ex rel. Dowdall v. Dahl, 69 Minn. 108, 71 N. W. 910. Nothing appears in this case which gives it such an exceptional character as to justify the court in interfering with his judgment. While his decision is not to be taken as determinative, it is not to be lightly overridden. State ex rel. Town of Stuntz v. City of Chisholm, 196 Minn. 285, 264 N. W. 798, 266 N. W. 689. In that case we did grant the petitioners leave to file an information after the attorney general had refused to act, but the circumstances were exceptional and presented a situation far different from that now before us.

The granting or refusing of a petition of this nature rests in the sound discretion of the court. State ex rel. Dowdall v. Dahl, 69 Minn. 108, 71 N. W. 910; State ex rel. Young v. Village of Kent, 96 Minn. 255, 104 N. W. 948, 1 L.R.A.(N.S.) 826, 6 Ann. Cas. 905; State ex rel. Town of Stuntz v. City of Chisholm, 196 Minn. 285, 264 N. W. 798, 266 N. W. 689. In exercising its discretion, the court may consider all the circumstances of the case, including the position and motives of the petitioner and the necessity and policy of granting the petition. State ex rel. Douglas v. School Dist. No. 108, 85 Minn. 230, 88 N. W. 751. In the instant case the court found that there was no irregularity in the council meeting resulting in respondent's appointment. It also found that petitioner has no interest in these proceedings different from that of the general public, that public affairs would be disrupted if the petition were to be granted and these proceedings carried on for some length of time, and that therefore it would not be in the interest of the public to grant the writ. Without going into detail, it is sufficient to say that the record sustains these conclusions. Considering all these circumstances, coupled with the fact that there is an absence of consent of the attorney general to the proceedings, and the additional fact that the record indicates that petitioner is actuated by

personal motives rather than a desire to serve the interests of the public, we cannot escape the conclusion that there was no abuse of discretion in refusing the petition.

The court also found that there is no incompatibility between respondent's position on the school board and the office of recorder. If such incompatibility exists the record fails to reveal it. On the contrary, it tends to substantiate the court's conclusion.

In the election contest proceedings the court found that a vacancy existed and ordered the council to fill it by appointment. No appeal was taken in that action. Petitioner will not be permitted in these proceedings collaterally to attack that finding and order, and we will not consider his claim herein that no vacancy existed which the council had authority to fill by appointment.

This disposes of the matters involved in this appeal.

Affirmed.

PETERSON, JUSTICE (concurring specially).

I concur in the result only upon the ground that respondent's appointment is found to be valid upon the merits, for the reasons stated in the last paragraph of the opinion. Other matters discussed in the opinion are not pertinent. I do not give my assent to them.

[1]Reported in 275 N. W. 686.