# STATE EX REL. S. S. DAHL v. FRED FREDRICKSON.[1]

January 28, 1938.

No. 31,673.

*Luke F. Burns,* for appellant (respondent below).

*S. S. Dahl,* for respondent (relator below) and attorney *pro se.*

HILTON, JUSTICE.

April 16, 1937, a vacancy occurred in the city council of Virginia, Minnesota, by reason of the death of one of the members. His term of office expires March 31, 1938. The city charter provides

[1]Reported in 277 N. W. 407.

for an elected council of nine members, and the council is authorized to fill a vacancy in its ranks by appointment. The charter provides that such appointment shall require the affirmative vote of a majority of all the council members. September 7, 1937, at a regular meeting of the council, Fred Fredrickson, appellant herein, was appointed to fill the above mentioned vacancy. Only seven of the eight then qualified and acting members of the council were present at this meeting. The vote on appellant's appointment was four to three, so he thus did not receive the required majority of all members of the council. He thereafter filed his acceptance and oath of office and has since been performing the duties of alderman of the city of Virginia.

September 15, 1937, S. S. Dahl, the respondent, petitioned the district court for leave to file an information in the nature of *quo warranto* to test appellant's right to hold office as alderman. This petition was granted, and thereafter appellant's motion to quash the information was denied. The matter then came on for trial before the court, which made findings and conclusions of law in favor of respondent, and ordered judgment ousting appellant from the office of alderman. This appeal followed. Additional facts will appear hereinafter in the opinion.

We are of the view that the court below erred in granting leave to file the information. Respondent is a private citizen having no interest in this matter distinct from that of the general public, and the attorney general had refused to institute or consent to the proceedings. It was held in State ex rel. Dowdall v. Dahl, 69 Minn. 108, 71 N. W. 910, 911, that notwithstanding the refusal of the attorney general to give his consent thereto, the court does have discretionary power to grant leave to file an information of this nature at the instance of a private relator having no interest in the matter distinct from the public, to test the right of an appointed incumbent of a public office to hold the same. The rule of this case has since been accepted as the law of this state as applied to the facts there involved, and we may concede that, since the facts of the instant case bring it within the rule stated, the court did have discretionary power to grant leave to file the information.

However, it is significant to note the language used by the court in the Dahl case, where it said (69 Minn. 113):

"But the granting or withholding of leave to file an information at the instance of a private person rests in the sound discretion of the court, and is not a matter of strict legal right. *When the attorney general has refused to give his consent, the case should be exceptional, and one in which it clearly appears that the public interests require it, to justify the court in overruling his judgment.*" (Italics supplied.)

We recently approved the above quoted language in State ex rel. Christianson v. Johnson, 201 Minn. 219, 221, 275 N. W. 684, 685, and State ex rel. Christianson v. Ingelbretson, 201 Minn. 222, 275 N. W. 686. See also State ex rel. Wells v. Atwood, 202 Minn. 50, 277 N. W. 357. There is nothing of such an exceptional character about the instant case as to justify the granting of leave to file the information. The term of office in question expires within a very short time, and the election to determine appellant's successor will be held presently. In view of the brief period of the term left for which appellant was appointed, and the interference with municipal affairs which may result if he is ousted, the petition should be denied in the absence of some showing that public interests will best be served by entertaining the proceedings. There is an utter lack of such a showing in the instant case. The facts are strikingly similar to those of State ex rel. Christianson v. Johnson, *supra,* which also involved an attempt to oust a council member. It was held that there was nothing in the case which gave it such an exceptional character as to justify the court in interfering with the judgment of the attorney general. On the question of the discretion of the court, it was there stated [201 Minn. 221]:

"In exercising its discretion, the court may consider all the circumstances of the case, including the position and motives of the petitioner and the necessity and policy of granting the petition."

A consideration of these circumstances in this case leads to the one conclusion that leave to file the information should not have been granted.

The fact that there is a substantial defect in appellant's title to the office is not of controlling importance. 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 8070, note 74. This is even true in cases where the attorney general, although not instituting the proceedings on behalf of the state, has given his consent thereto. State ex rel. Young v. Village of Kent, 96 Minn. 255, 271, 104 N. W. 948, 955, 1 L.R.A.(N.S.) 826, 6 Ann. Cas. 905. It may well be that public interest will be better served by the refusal to entertain the information even when such a defect of title is apparent. The serving of that interest to best advantage is the primary consideration in these cases.

State ex rel. Town of Stuntz v. City of Chisholm, 196 Minn. 285, 264 N. W. 798, 266 N. W. 689, cited and relied on by respondent, is clearly distinguishable, the relator therein having a special interest, distinct from that of the general public, and the circumstances involved presented a case of an exceptional nature.

Reversed with directions to quash the information.

PETERSON, JUSTICE (concurring specially).

I concur in the result. The relator has no right to the writ, and the court had no discretion to issue it. State ex rel. Wah-We-Yea-Cumin v. Olson, 107 Minn. 136, 119 N. W. 799, 21 L.R.A.(N.S.) 685; Newman v. United States ex rel. Frizzell, 238 U. S. 537, 35 S. Ct. 881, 59 L. ed. 1446; Ex parte Levitt, 302 U. S. 633, 58 S. Ct. 1, 82 L. ed. ——.