STATE EX REL. EARL MAFFETT v. C. A. TURNBULL.[1]

May 8, 1942.

No. 33,257.

*J. L. Krusemark,* for appellant (respondent below).
*Edmund T. Montgomery,* for respondent (relator below).

PETERSON, JUSTICE.

Claiming that he was entitled to the office of assessor of the village of Richfield as the duly elected assessor at the 1941 election, relator brought *quo warranto* under the rule of State ex rel. Dowdall v. Dahl, 69 Minn. 108, 71 N. W. 910, to recover the office and to oust respondent as the incumbent thereof. For convenience, the parties will be designated here as they were below.

Respondent was elected assessor for the term of two years at the 1939 election. Although the office was not vacant and not then to be filled at the 1940 election, an election of an assessor was held, in which respondent received the highest number of votes.

The reason for electing an assessor at the 1940 election was that the village officers were advised and believed that an assessor should be elected only in even-numbered years.

Acting under that belief, they did not include the office of assessor in the list of offices to be filled at the 1941 election.

In giving notice of an election the practice had been to use a printed form which included offices not to be filled as well as those to be filled at the election. The form was adapted to the particular election by indicating thereon with a number in front of the title of the office the number of such officers to be elected. For example, where a trustee or an assessor was to be elected, the number 1 was put in the blank to indicate that one trustee or one assessor was to be elected. Absence of a number indicated that the office was not to be filled.

The call for the 1941 election did not have a number in the blank before the word "assessor" to show that the office of assessor was to be filled at the election. There were numerals in the appropriate places to indicate the other offices to be filled and the number of officers to be elected.

Although the statute requires candidates to file as such before the election, there were no filings for the office of assessor at the 1941 election. The statute requires that the official ballot contain spaces for voting for candidates for offices to be filled at the election and spaces for writing in by the voter of the name of any person not named on the ballot for whom he desires to vote. The official ballot contained no spaces for voting for assessor. The official ballot and the call for the election were duly posted.

So far as appears, it was not publicly known that there were any candidates for assessor. In excess of 1,000 votes were cast at the election. Eighty-eight of the voters voted for assessor by writing in the name of the person for whom they voted. Relator received 86 and respondent two of the votes so cast.

Relator claims that he was duly elected at the 1941 election. Respondent denies that relator was elected or that there was in fact an election of an assessor in 1941 and that he is entitled in virtue of his election in 1939 to hold the office until his successor qualifies. Relator contends that respondent is not entitled to the office because he failed to qualify as required by law. Shortly after the 1939 election respondent filed a bond signed by a surety company, but he did not sign the bond and oath. Sometime in August 1941 he filed the proper bond and oath. Ever since the 1939 election he has been acting as assessor. If not the *de jure*, he was the *de facto*, assessor of Richfield.

Numerous points have been raised by the respondent to the effect that the election is void for failure of the election officials to give the required statutory notice of the fact that the office of assessor was to be filled and that in consequence no election of an assessor was in fact held.

1.  Mason St. 1940 Supp. § 601-11(2)f, provides that the resident voters shall elect a village assessor in each odd-numbered year if the village is a separate election district. Richfield is a separate election district. Therefore the office of assessor was to be filled at the 1941 election.

Village elections are required to be held annually on the first Tuesday after the first Monday of December. Mason St. 1940 Supp. § 601-11(2)g.

Where the statute designates the time when an election shall be held, no notice or call is necessary to authorize the holding of the election. After the election has been held, statutory provisions as to notice will be construed as directory. Ordinarily, failure of election officials to give the notice or comply with statutory requirements is not grounds for invalidating an election. Especially is this true where, as here, there is no claim that the officials were guilty of fraud or other positive wrongdoing intended to thwart the requirements of law or the will of the electorate.

The question remains—was there an election in fact? As a matter of law, the office of assessor was to be filled at the 1941 election. Voters had a right to vote for an assessor by writing on the ballot the name of the person of their choice notwithstanding the fact that the official ballot made no provision for voting for the office. Election officials cannot by their neglect in effect thus disfranchise the voters. Aura v. Brandt, 211 Minn. 281, 283, 1 N. W. (2d) 381.

The voters here did not really express their choice. By reason of the omissions of the election officials, voters generally did not know that the office of assessor was to be filled and for that reason did not vote to fill the office. Eighty-eight of the voters exceeding 1,000 in number cast their votes—8.8 per cent.

Where the failure of election officials to comply with the requirements of election laws designed to give notice of the election results in but a few out of a large number of voters exercising the right to vote at the time and place designated by law, there is no election. State ex rel. Dosland v. Holm, 202 Minn. 500, 279 N. W.

218; State ex rel. Wells v. Atwood, 202 Minn. 50, 277 N. W. 357.

In State ex rel. Kleist v. Donald, 164 Wis. 545, 556, 160 N. W. 1067, 1071, cited in State ex rel. Dosland v. Holm, *supra*, the court said:

"We prefer in this case to rest our decision upon the proposition that it clearly appears upon the whole record that by reason of the refusal of the administrative officers to perform the duties imposed upon them by law, the electors of Milwaukee county generally believed that no election was in fact to be held and that the casting of a comparatively few out of a large number of votes for the relator did not constitute an election. If it be argued that this conclusion disfranchises the electors who did exercise the right which the law gave them, it is a sufficient answer to say that the contrary conclusion would disfranchise 20 times as many."

A democracy articulates through elections. Our comprehensive election laws are designed to enable the voters to express their will at the polls. It is true as a general rule that an election shall be decided by the required majority of the votes cast, irrespective of the number of persons entitled to vote. Virginian Ry. Co. v. System Federation Ry. Employees Dept. A. F. of L. 300 U. S. 515, 57 S. Ct. 592, 81 L. ed. 789. In the cited case an election by a minority was sustained. Qualified voters who fail to vote are bound by the expressed will of those who do. See Everett v. Smith, 22 Minn. 53; Board of Education of Sauk Centre v. Moore, 17 Minn. 391 (412); Bayard v. Klinge, 16 Minn. 221 (249); Taylor v. Taylor, 10 Minn. 81 (107).

It is expression of the will of the voters that the law seeks. Where the voters are prevented from expressing their will by the failure of election officials to perform their duty, the democratic process has been set at naught. A result should be avoided which is absurd and makes a farce of our election laws. State ex rel. Wells v. Atwood, 202 Minn. 50, 277 N. W. 357, *supra*. To sustain relator's claim of election would do that very thing. It is apparent from election cases decided by us that it is not uncommon for

a small group, by taking advantage of a situation where the voters generally are prevented from expressing their will, to attempt to impose its will upon the public by voting for a candidate of its choice. A mere handful of voters in effect seek to have their will held to be that of a large number who were inarticulate. For example, in State ex rel. Wells v. Atwood, *supra,* we were asked to hold that 87 voters in a state election in which about 1,000,000 votes were cast expressed the will of the electorate. Likewise, in State ex rel. Dosland v. Holm, 202 Minn. 500, 279 N. W. 218, *supra,* it was claimed that there was an election by less than one per cent of the voters. In each of these cases our decision was against the contention. In State ex rel. Kleist v. Donald, 164 Wis. 545, 160 N. W. 1067, *supra,* the Wisconsin court held that where slightly less than five per cent of the voters cast their votes for a candidate there was no election.

It is not necessary here, any more than in the cited cases, to say where we will draw the line. The instant case is clearly on the side where there was no election in fact. We simply hold that there is no election, no expression of the will of the electorate, where as a result of the nonperformance of duty by election officials all except 88 of an electorate of over 1,000 votes are prevented from voting, and that 88 votes do not express the will of over 1,000 voters.

2. Relator cannot help his case by an attack on respondent's title to the office. Relator can maintain the present proceeding only if he is entitled to the office; otherwise the matter is no concern of his, but of the attorney general as the official to whom the right of instituting *quo warranto* is confided as the representative of the public. State ex rel. Dowdall v. Dahl, 69 Minn. 108, 71 N. W. 910, *supra.* Furthermore, respondent is at least a *de facto* incumbent of the office.

Since relator is not entitled to the office of assessor of Richfield, the alternative writ should have been quashed.

Reversed with directions to quash.

388

Mr. Justice Stone, absent on account of illness, took no part in the consideration or decision of this case.