IN RE ESTATE OF ANDRO (ALSO KNOWN AS ANDREW) STEVENS.
JOHN STEVENS v. CHARLES E. CARLSEN, JR.[1]

June 6, 1947.

No. 34,318.

[1]Reported in 27 N. W. (2d) 872.

*Henry Levine* and *Bauers & Carlson,* for appellant.
*A. J. Casey* and *Victor M. Petersen,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from the judgment of the district court, which, on appeal from an order of the probate court admitting a will to probate, reversed the order of the probate court on the ground that testator's signature to the will had not been attested as required by statute. In the probate court, John Stevens, son of Andro Stevens, the testator, objected to the allowance and admission of the will to probate on four grounds, no one of which challenged the attestation of the will, which on its face appeared to be properly attested. John appealed to the district court. In his statement of law and facts on which he relied in his appeal, as required by M. S. A. § 525.72, he again failed to challenge the attestation of the will, and the principal controversy was over the question of whether or not the will was a forgery. That question was submitted to a jury, which found that testator's signature was genuine. Contestant then moved for a new trial on the ground of newly discovered evidence. The motion was granted, but on the second trial no motion was made to amend the statement of law and facts upon which contestant relied. At the commencement of the second trial, the proponent of the will moved the court to withdraw any and all questions with reference to the due execution of the will, and particularly with reference to the attestation of the same, upon the ground that there were no issues as to attestation made by the pleadings. The trial court withheld its ruling on the motion, and counsel for proponent duly reserved an exception in case the ruling should be against him. Thereafter, the court received evidence as to the attestation of the will, and at the close of the evidence proponent renewed his motion. It was denied. The court made its findings that the purported will was not attested as required by statute. It made its findings pursuant to a jury's answer to a double-barreled interrogatory submit-

ted to the jury as to whether the witnesses had signed in the presence of Andro Stevens, the testator, and whether he had knowledge of the contents of the will.

As this court said in In re Estate of Peterson, 202 Minn. 31, 40, 277 N. W. 529, 534, relative to appeals from probate court:

"* * * The district court has jurisdiction only where the right of appeal has been exercised pursuant to statutory direction. Such jurisdiction is appellate, not original, and the right thereto is governed by statute, not by the constitution."

In that case, the parties attempted to litigate in the district court by consent an issue which had not been raised or litigated in the probate court. We held that jurisdiction of an issue not raised in the probate court and of which that court had exclusive original jurisdiction could not be conferred by consent upon an appellate court.

In the case at bar, we need not discuss or consider whether the question of attestation, not having been presented to the probate court, could later, on appeal, be presented to the district court if not included in the statement of law and facts required by the statute upon appeal. Here, the statement of law and facts raised no such issue. Section 525.72 gives the statement, answer, and reply which frame the issues on appeal a status equivalent to pleadings. We therefore hold that no issue not therein raised may be litigated in district court against objection. In the case at bar, the proponent below, who is appellant here, fully saved his rights by his motion and exception. The trial court was in error in denying proponent's motion that that question should be withdrawn from consideration. Case remanded with directions to affirm the order of the probate court.

*Judgment reversed.*