## STATE EX REL. JAY BURK v. PAUL A. THUET, JR.[1]

March 10, 1950.

No. 35,187.

*A. M. Joyce,* for relator.
*Paul A. Thuet, Jr., pro se.*

MAGNEY, JUSTICE.

Relator presented a verified petition to this court for a writ of quo warranto in the above-entitled matter. Upon said petition, this court issued an order to respondent to show cause why a writ of quo warranto should not be issued as prayed for in the petition.

Respondent had been appointed special judge of municipal court of the city of South St. Paul by the mayor of that city pursuant to M. S. A. 488.05. Relator brings this action to test the authority of respondent to act as such special judge.

Relator does not identify himself in this proceeding. There is nothing in his petition or attached instruments to indicate that he has any interest in this matter different from that of the general public. He submitted the application for a writ herein to the attorney general, who declined to institute the action or to consent to its institution on the ground that it was not in the public interest.

The general rule of law in this state is that a private citizen has no right, except under extraordinary or exceptional circumstances, to the use of quo warranto to test the title of an incumbent of a

---

[1]Reported in 41 N. W. (2d) 585.

public office. State ex rel. Dowdall v. Dahl, 69 Minn. 108, 71 N. W. 910; State ex rel. Christiansón v. Johnson, 201 Minn. 219, 275 N. W. 684; State ex rel. Wells v. Atwood, 202 Minn. 50, 277 N. W. 357; State ex rel. Dahl v. Fredrickson, 202 Minn. 79, 277 N. W. 407; State ex rel. Maffett v. Turnbull, 212 Minn. 382, 3 N. W. (2d) 674.

There are no extraordinary or exceptional circumstances disclosed here which would entitle relator, a private party, to test respondent's title to the office of special judge of the municipal court of the city of South St. Paul.

Order to show cause discharged.